IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| DIANA M. PATINA-ASHTON, | ) ) | CASE NO. 05-83458-G3-13 |
| Debtor, | ) ) ) | |

### MEMORANDUM OPINION

The court has held a hearing on the "Debtor's Motion for Continuation of the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B)" (Docket No. 9). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Diana M. Patina-Ashton ("Debtor") filed the voluntary petition in her first Chapter 13 case, Case No. 04-82659-G3-13, on December 6, 2004. William E. Heitkamp ("Trustee") was the Chapter 13 Trustee in the first case, and is the Chapter 13 Trustee in the instant case.

In the first case, Debtor first filed a plan on January 11, 2005, seeking to pay a mortgage arrearage to HSBC Mortgage Services ("HSBC"), in the amount of $12,000, at an interest rate of 10.5 percent.  The plan proposed distribution to HSBC, and to Debtor's attorney.  No funds were projected to be available for distribution to unsecured creditors.  (Docket No. 11, Case No. 04-82659-G3-13).

On February 23, 2005, Debtor amended the plan in the first case, to provide for distribution of $14,096.32 to HSBC. The plan continued to propose distribution to HSBC and to Debtor's attorney, but not to unsecured creditors.  (Docket No. 15, Case No. 04-82659-G3-13).

On March 30, 2005, HSBC filed a motion for relief from the automatic stay in the first case, seeking to foreclose on Debtor's homestead.  (Docket No. 19, Case No. 04-82659-G3-13). On May 4, 2005, the court entered an agreed order, reflecting Debtor's agreement with HSBC, to pay $2,502 in arrears that had accrued after the filing of the petition in the first case. (Docket No. 24, Case No. 04-82659-G3-13).

On June 7, 2005, the Trustee moved for dismissal of the first case, citing, <u>inter</u> <u>alia</u>, Debtor's failure to propose a confirmable plan and Debtor's failure to make the payments called for under the plan.  (Docket No. 26, Case No. 04-82659-G3-13).

The Trustee's motion to dismiss the first case was called for hearing on August 5, 2005.  At the time of the hearing, the Trustee announced an agreement with Debtor that the case would be dismissed unless Debtor amended the plan and became current.  (Courtroom Minutes, 8/5/2005, Case No. 04-82659-G3-13).

On August 15, 2005, Debtor filed a second amended plan in the first case.  The effect of the second amended plan was to retroactively reduce the payment amount from the inception of the first case through September, 2005, and to increase the amount of the payment Debtor was to pay thereafter.  (Docket No. 28, Case No. 04-82659-G3-13).

On September 12, 2005, Debtor filed a third amended plan in the first case.  The third amended plan proposed that Debtor make payments higher than those contemplated in the second amended plan, and added a distribution to LSI Tax Service in the amount of $2,153.84.  (Docket No. 34, Case No. 04-82659-G3-13).

Also on September 12, 2005, the Trustee filed a certificate of non-compliance, stating Debtor's failure to make the plan payments.  (Docket No. 36, Case No. 04-82659-G3-13).

On September 29, 2005, HSBC gave notice of Debtor's default under the agreed order conditioning the automatic stay.  (Docket No. 37, Case No. 04-82659-G3-13).

On October 3, 2005, the court entered an order dismissing the first case, on the Trustee's motion.  (Docket No.

38, Case No. 04-82659-G3-13).

Debtor filed a voluntary petition in the instant case, her second Chapter 13 case, on December 28, 2005. In the petition in the instant case, Debtor failed to disclose the filing of the first case.

In the instant motion, Debtor seeks continuation of the automatic stay, in order to avoid the scheduled termination of the automatic stay on the 30th day after the date of filing of the instant case, pursuant to Section 362(c)(3)(A) of the Bankruptcy Code.

Debtor testified that she was unable to make the payments called for under the plans filed in the first case because she had unexpected medical expenses for the care of her husband. She testified that she anticipates these expenses will continue.

Debtor testified that she believes she can make the payments called for by her mortgage and by her plan because she has received a pay increase in the amount of approximately $100 each two weeks.

In the instant case, Debtor's schedules include her husband's Social Security Disability income, but do not include any projected medical expenses. (Docket No. 16). Debtor's Chapter 13 plan proposes to pay $11,000 to HSBC, and $8,600 to

Woodlands Financial.[1]  As in the first case, Debtor proposes to make no distribution to unsecured creditors.

On January 18, 2006, the date of the hearing on the instant motion, Mortgage Electronic Registration Systems, Inc. filed a motion for relief from the automatic stay, asserting that it conducted a non-judicial foreclosure sale of Debtor's homestead on December 6, 2005, in the interval of time between the date of dismissal of the first case and the filing of the instant case.

## Conclusions of Law

Section 362(c)(3)(A) of the Bankruptcy Code provides that the automatic stay shall terminate on the 30th day after the filing of a case if the debtor has had a case pending within the preceding one-year period.

Section 362(c)(3)(B) of the Bankruptcy Code provides that the court may extend the stay, on motion of a party in interest, if the party "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

Section 362(c)(3)(C)(i)(III) of the Bankruptcy Code provides that a case is presumptively filed not in good faith if there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next

---

[1] Debtor's schedules indicate that this debt is secured by a vehicle.

most previous case or any other reason to conclude that the later case will be concluded with a confirmed plan that will be fully performed.

The burden of proof as to whether there has been a change of circumstances or other reason to believe that the new case will result in a confirmed plan is on the Debtor.  In re Charles, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

In the instant case, Debtor has not carried her burden of proof to demonstrate a change of circumstances since the filing of the first case that will allow Debtor to obtain confirmation of a plan, and complete that plan.  The only change in circumstances to which Debtor can point is an increase in income of approximately $200 per month.  There is no provision in Debtor's budget for the ongoing medical expenses which she testified she and her husband will continue to incur.  The court concludes that the presumption that the instant case was not filed in good faith applies.

Under Section 362(c)(3)(C) of the Bankruptcy Code, the presumption that a case is not filed in good faith may be rebutted by clear and convincing evidence.  11 U.S.C. § 362(c)(3)(C).

In the instant case, Debtor has failed to rebut the presumption that the case was not filed in good faith.  The court concludes that the instant motion should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Debtor's Motion for Continuation of the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B)" (Docket No. 9).

Signed at Houston, Texas on this _____ day of ___January 20___, 2006.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE